| DUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Willie Jackson, with distribution of cocaine within 1000 feet of an elementary school, in violation of LSA-R.S. 40:981.3. Defendant pled not guilty and subsequently filed motions to suppress evidence and identification.
Following the denial of his motions, defendant withdrew his former plea of not guilty and after being fully advised of his constitutional rights, he pled guilty as charged. In accordance with the plea agreement, the trial court sentenced him to twenty years at hard labor, the first fifteen years to be served without benefit of parole, probation, or suspension. Defendant now appeals.

FACTS

At the suppression hearing, Agent Mason Williams of the Jefferson Parish Sheriffs Office, testified that on April 14, 2000, he was working in an undercover capacity in the area of 31st and Lexington Streets in Kenner. | {.While in that vicinity, a man approached his vehicle and asked him what he wanted. Agent Williams replied that he wanted a “twenty,” which is street slang for twenty dollars worth of crack cocaine. The individual handed the officer an off-white rock-like object. In return, the officer gave the individual twenty dollars in pre-recorded funds, and then exited the area and handed the rock over to Detective John Louis. Detective Louis’ subsequent testing of the rock revealed that it was crack cocaine. Detective Louis, who observed the transaction between defendant and the officer, recognized defendant as they grew up in the same neighborhood. He then compiled a photographic lineup and showed it to Agent Williams. Agent Williams positively identified defendant in the lineup and in court at the suppression hearing as the individual from whom he purchased the crack cocaine.

ANDERS APPEAL

Defense counsel has filed an Anders brief asserting that there are no nonfrivo-lous issues which arguably support the appeal and requesting that he be allowed to withdraw. To support his assertion that there are no nonfrivolous issues, defense counsel noted two potential issues, that of the denial of the motions to suppress and excessive sentence, and then discussed why he considered the arguments to be without substance. Defense counsel then requested that this court review the entire record for errors patent.
*86 Defense counsel has complied with all the requirements necessary to file a brief of this nature. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Bradford, 96-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108; State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990).
| a We have conducted an extensive independent review of the record and find no nonfrivolous issues which would arguably support an appeal. We have also conducted an error patent review pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals no errors patent in this case.
For the reasons set forth herein, we affirm defendant’s conviction and sentence. Defense counsel’s request to withdraw is hereby granted.

AFFIRMED.